THE STATE OF NEVADA, ON THE RELATION OF HARVEY DICKERSON, ATTORNEY GENERAL, PLAINTIFF, *v.* WILLIAM ELWELL, N. E. BROADBENT, GRANT SAWYER, CYRIL O. BASTIAN, DEFENDANTS.

No. 4030

July 23, 1957                                            313 P.2d 796

*Harvey Dickerson,* Attorney General; *William N. Dunseath,* Chief Deputy Attorney General; *D. W. Priest* and *C. B. Tapscott,* Deputy Attorneys General, of Carson City, for Plaintiff.

*William Morse,* of Las Vegas; *Leslie B. Gray; Ralph K. Wittenberg; Goldwater, Taber & Hill,* of Reno, for Defendants.

# OPINION

By the Court, MERRILL, J.:

By legislative act, effective upon passage and approval, the 1957 legislature of Nevada increased the board of regents of the University of Nevada from five to nine members. 1957 Stats. Nev., ch. 122, p. 166. By the same act it was provided that until the four new offices could be filled by popular election as provided by constitution and statute, the vacancies should be filled by legislative

appointment. Following the passage and approval of the act the legislature in joint session designated the four defendants as its appointees. Legislative commissions were issued. Defendants thereupon qualified by the taking of their oaths of office.

This action in the nature of quo warranto was then brought by the state upon the relation of the attorney general, challenging the right of defendants to hold office under their legislative appointment. Relator concedes the power of the legislature to increase the membership of the board of regents but contends that it had no constitutional power to provide by appointment for the interim filling of the vacancies so created.

Article 11, sec. 7 of the Nevada constitution provides for the creation of a board of regents. That section reads: "The Governor, Secretary of State, and Superintendent of Public Instruction, shall for the first Four Years and until their successors are elected and qualified constitute a Board of Regents to control and manage the affairs of the University and the funds of the same under such regulations as may be provided by law. But the Legislature shall at its regular session next preceding the expiration of the term of Office of said Board of Regents provide for the election of a new Board of Regents and define their duties."

Pursuant to the constitutional command the legislature in 1869 did provide for election of a board of regents. 1869 Stats. Nev., ch. 80, p. 134. The "election", however, was by the legislature itself. This act stood without court challenge for many years until the legislature itself in 1887 provided for the popular election of members of the board. 1887 Stats. Nev., ch. 37, p. 42. Defendants here contend that the legislative act of appointment to fill the vacancies existing in the four new offices amounted to "election" by the legislature, which is permissible under the constitutional provision. It has, however, become the settled law of this state that the election contemplated by Article 11, sec. 7 is election by the people. State ex rel. Mack v. Torreyson, 21 Nev. 517;

34 P. 870. King v. Board of Regents, 65 Nev. 533, 200 P.2d 221. As stated in State ex rel. Clarke v. Irwin, 5 Nev. 111, 121, "The ordinary meaning of the word 'elected' implies a popular vote, unless otherwise qualified."

Two issues are presented for our determination. 1. Whether the vacancies existing in the four new offices were such as could be filled prior to election. 2. If they were, whether they could be filled by legislative appointment.

Upon the first question relator contends that it is the law of Nevada that when a new elective office has been created by legislative act there is no power under our constitution to fill the office temporarily until it can regularly be filled by election, unless a condition of emergency exists which demands the immediate filling of the office. Further, relator contends that no emergency has been shown to exist in this case.

This proposition we must reject on the authority of State ex rel. Clarke v. Irwin, supra. For purposes of comparison the constitutional requirement for election of the board of regents can be reduced to the following language: "* * * the legislature shall * * * provide for the election of a * * board of regents and define their duties". In State ex rel. Clarke v. Irwin this court was concerned with Article 4, sec. 26 of the constitution, which states, "The Legislature shall provide by law for the election of a Board of County Commissioners in each County * * *." So far as concerns our problem the two provisions are indistinguishable.

In State ex rel. Clarke v. Irwin a new county had been created and the legislature had designated the persons who should fill county offices until they could regularly be filled by election. The same contention was made as is made here: that the constitutional provision precluded the filling of the offices by any method other than election. This court stated, 5 Nev. 111, 125: "The clause referred to requires the Legislature to provide for such election; that the Legislature has already done, in passing a general and uniform election law, applicable to all counties in the State; but, because an office is elective

and must under general laws be always so filled, it by no means follows that it cannot be filled temporarily by other means; and when the Legislature has provided generally and uniformly for elections of county officers, all has been done which the Constitution commands in that regard; the mandate does not apply to cases of emergency or special occasion, as the creation of a new office, or a vacancy."

Thus this court clearly held that the constitutional provision for election had no application to the temporary filling of a new office. The case was followed in State ex rel. Rosenstock v. Swift, 11 Nev. 128, where in creating the municipal corporation of Carson City, the legislature designated the Ormsby county officers as ex officio city officers until the new offices could be filled by municipal election.

In support of his position relator relies upon State ex rel. Perry v. Arrington, 18 Nev. 412, 4 P. 735, and State ex rel. Mack v. Torreyson, supra, both of which cases distinguished and confined the application of State ex rel. Clarke v. Irwin. Neither case involved the temporary filling of elective offices until they could be filled by election. Both decisions are clearly correct upon the facts involved. In the Arrington case this court held unconstitutional that portion of an act extending the terms of office of county officers which provided that the incumbents should hold over for the unexpired portion of the extended term. The act thus deprived the people of their right of choice at general election as to the unexpired portion of the extended term. The right of election was taken from them by what amounted to legislative appointment of the incumbents: appointment in lieu of election rather than until election could be had. In the Torreyson case this court held unconstitutional an act providing that the governor and attorney general, ex officio, should sit as members of the board of regents of the University. Temporary action was not involved. The nature of the board of regents was permanently changed. The right of the people to an independent choice of constitutional officers was taken from them as to two members of the board.

In both cases, however, language indicates that the court misconstrued the holding of State ex rel. Clarke v. Irwin. That case was regarded as holding that since the filling of elective offices by appointment is contrary to the language of the constitution, it can only be justified by the exigencies of the situation, and that a condition of emergency must exist demanding the immediate filling of the vacancies. Such was not the holding of State ex rel. Clarke v. Irwin. We must reject the implication of the Arrington and Torreyson cases that a state of emergency or the exigencies of the situation can render constitutional an act which the constitution forbids. In State ex rel. Clarke v. Irwin the temporary filling of vacancies by appointment was expressly held *not* to be contrary to the language of the constitution. The existence of a vacancy or the creation of a new office was itself regarded as a case of "emergency or special occasion" to which "the [constitutional] mandate does not apply."

In this case the legislative act itself recited that a state of emergency exists and much of the argument before this court has dealt with the question whether an emergency can, in fact, be found to exist under the legislative recital and under the known facts relative to the University. A determination of these questions we regard as unnecessary to our decision. The existence of an emergency under State ex rel. Clarke v. Irwin is immaterial. The suggestion of its materiality in the Arrington and Torreyson cases we reject.

Upon our first issue we conclude that the vacancies existing in the four new offices were such as could be filled by appointment prior to election.

We turn to the second question: that of the legislature's power to fill these vacancies by its own appointment.

In support of the legislature's action defendants rely upon State ex rel. Clarke v. Irwin, supra, which dealt with county officers and was concerned with Article 5, sec. 8 of the constitution which provides in part: "When

any Office shall, from any cause become vacant and no mode is provided by the Constitution and laws for filling such vacancy the Governor shall have the power to fill such vacancy by granting a commission which shall expire at the next election and qualification of the person elected to such Office." This court stated in an obiter dictum that since the legislature by its own act had named the persons to fill the vacancies a mode had been provided by law and the governor's power of appointment did not become effective.

In the present case we deal with vacancies in state offices. Article 17, sec 22 of the constitution provides "In case the office of any Justice of the Supreme Court, District Judge, or other State officer shall become vacant before the expiration of the regular term for which he was elected, the vacancy may be filled by appointment by the Governor until it shall be supplied at the next general election, when it shall be filled by election for the residue of the unexpired term".

Defendants contend that by its language this section should apply only to vacancies occurring in an office after it had been regularly filled by election. Otherwise, they contend, there could be no "term for which he had been elected." Such construction, we feel, would accomplish an absurd and senseless restriction. To illustrate: should an elected officer resign before expiration of his term, the vacancy would be filled pursuant to this section by the governor's appointment; should the appointee in turn resign before expiration of the term this section could not apply since the term was one for which he had been appointed rather than elected.

In our view the language "regular term for which he was elected" is descriptive only and must be construed as describing the term of any elective state office regardless of the manner in which a vacancy in such office might occur.

This being so, Article 17, sec. 22 of the constitution is controlling here. The vacancies, until the next general

election, can be filled only by appointment of the governor. The appointment of the defendants, then, was without constitutional authority. The prayer of the complaint in quo warranto must be granted.

It is ordered that the State of Nevada have judgment ousting and debarring defendants William Elwell, N. E. Broadbent, Grant Sawyer, and Cyril O. Bastian from office as members of the Board of Regents of the University of Nevada.

BADT, C. J., and EATHER, J., concur.